UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A PERMANENT EASEMENT FOR 0.018 ACRES AND A TEMPORARY EASEMENT FOR 0.017 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NO. 40-01-0006, FRIGYES & MARIA ALEJNIKOV, et al | : | NO. 09-1385 |

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A PERMANENT EASEMENT FOR 0.426 ACRES AND A TEMPORARY EASEMENT FOR 0.882 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PA, TAX PARCEL #40-01-0003, EDWARD E. AND CAROLE H. KIRKBRIDE, *et al* | : | NO. 09-1396 |

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A PERMANENT EASEMENT FOR 0.099 ACRES AND A TEMPORARY EASEMENT FOR 0.015 ACRES OF LAND IN EAST CALN TOWNSHIP, CHESTER COUNTY, PA, TAX PARCEL #40-01-0006.030 and DONALD A. & LYNETTE A. WILSON | : | NO. 09-1402 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                  **August 18, 2010**

The owners of five properties along the Brandywine Creek (collectively referred to as the "Brandywine Five") seek attorneys' fees and costs from the plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco"), a natural gas pipeline transmission company, that had instituted these actions to expand its existing rights of way on the properties under federal eminent domain law. They bring their motions pursuant to 42 U.S.C. § 4654(a)(2), claiming that Transco abandoned the proceedings when it chose not to proceed with these actions after it was unsuccessful in securing the required permits from the Pennsylvania Department of Environmental Protection ("PADEP").

Opposing the motion, Transco argues that the fee shifting provision applies only to the United States and not to a private company such as Transco. It also claims that it did not abandon the proceedings because it retains the right to bring a claim in the future. Alternatively, it contends that if it is liable for attorneys' fees, the fee award is limited to the amount actually paid.

We conclude that Transco is liable under § 4654(a) and it did abandon the litigation after the DEP refused to issue a permit to proceed as planned with the project through the Brandywine Five's properties. Therefore, the Brandywine Five are entitled to an award of attorneys' fees, but only in the amount actually charged.

### Transco's Exercise of Federal Eminent Domain

Under the Natural Gas Act, Transco has the power of eminent domain when it possesses a Federal Energy Regulatory Commission ("FERC") certificate of public

convenience and necessity, and "cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way." 15 U.S.C. § 717f(h).

On August 14, 2008, the FERC approved a certificate of public convenience and necessity[1] allowing Transco to replace its natural gas transmission line with a larger one along its existing right of way. Transco applied for a water obstruction and encroachment permit from the PADEP to construct the Downingtown Replacement on November 28, 2008. In February 2009, the Brandywine Five and other residents filed a motion for reconsideration with the FERC challenging the issuance of the certificate. The FERC denied the motion.

On April 1, 2009, as authorized by the FERC certificate, Transco filed condemnation actions to enter the land to replace an existing pipeline, and to construct, maintain and repair a larger replacement pipeline along an existing right of way through fifty-one properties, including the land of the Brandywine Five. Eight days later, the PADEP issued Transco a water obstruction and encroachment permit allowing it to proceed with the project, except it prohibited construction along the Brandywine Creek and Ludwig's Run

---

[1] A certificate of public convenience and necessity is issued by the Federal Power Commission ("Commission") and authorizes a natural gas company or person to "engage in the transportation or sale of natural gas, . . . undertake the construction or extension of any facilities, [and] acquire or operate any such facilities . . . ." 15 U.S.C. § 717f(c)(1)(A). In order to obtain a certificate of public convenience or necessity, the natural gas company or person must submit an application under oath and in writing to the Commission. 15 U.S.C. § 717f(d). The applicant must also serve any interested parties in a manner prescribed by the regulations. *Id*. The Commission issue certificates to qualified applicants where "it is found that the applicant is able and willing properly to do the acts and to perform the service . . . and to conform to the provisions of [§ 717] and the requirements . . . of the Commission." 15 U.S.C. § 717f(e). If the applicant is unable to satisfy these requirements, the application is denied. *Id*. The Commission has the power to attach any reasonable terms and conditions to the certificate. *Id*.

where the Brandywine Five's properties are located.[2] The exception was included as a result of the Brandywine Five's efforts before the PADEP. Transco submitted an amended request to the PADEP seeking authorization for construction on both sides of the Brandywine Creek and Ludwig's Run using an alternative method. After the PADEP failed to respond, Transco revised the amended request to eliminate the creek crossing. This new plan, which was quickly approved, no longer included the Brandywine Five's properties.

Transco advised the court in an August 28, 2009 letter that it intended to proceed with the project without using the Brandywine Five's properties. On September 2, 2009, Transco's condemnation actions against the Brandywine Five were dismissed without prejudice.

## Section 4654(a)(2) Attorneys' Fees

Section 4654 states:

(a) Judgment for owner or abandonment of proceedings

The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if–

(1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or

(2) the proceeding is abandoned by the United States. 42 U.S.C. § 4654.

---

[2]The FERC certificate required Transco to have its restoration plans finalized with the PADEP before replacing the pipeline under the Ludwig's Run. FERC Certificate pg. 20-21.

4

We must determine whether § 4654(a)(2) applies to Transco; and, if it does, whether Transco abandoned the proceedings.

**Application of §4654(a)(2)**

Section 4654 applies to all condemnation proceedings brought by a federal agency. The term "Federal agency," as defined in § 4601, includes "any person who has authority to acquire property by eminent domain under Federal law." 42 U.S.C. § 4601. When Transco receives a certificate issued by the FERC, it is given the power to acquire property interests and to initiate condemnation actions under federal law. Therefore, Transco is a "Federal agency" under § 4654(a)(1) and is the "United States" under § 4654(a)(2).

The two subsections apply to different results in the litigation: one where a final judgment is entered; and the other where the proceeding is abandoned. For reasons that are unknown, the statute uses different language ascribing responsibility for fees in each situation. In the case of a judgment entered in favor of the property owner, it refers to a "Federal Agency." In the case of abandonment, it uses "United States." The issue here is whether the two terms were used interchangeably or distinctively.

Applying rules of statutory construction, we first look to the language of the statute. If it is clear, our inquiry ends. *Ross v. Hotel Employees and Restaurant Employees International Union*, 266 F.3d 236, 245 (3d Cir. 2001) (*quoting Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 233 (3d Cir. 1998)). If it is ambiguous, we turn to the legislative history. *Id*.

Here, the statute is ambiguous. The statute uses two different terms to identify the party responsible for fees in two different situations.

Looking to the legislative history does nothing to shed light on Congressional intent.

There is nothing in the legislative history that supports a reading that Congress intended the disparate treatment urged by Transco.  More importantly, a basic rule of statutory construction is that Congress is presumed not to have intended an absurd result.  *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982); *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 330 (3d Cir. 2006).

There are several reasons for applying the abandonment provision to private companies exercising federal authority.  First, in all cases involving federal agencies, the United States is the proper party.  Every time an agency acts, it does so in the name of the United States.  Second, from the standpoint of the defendant and for the purposes of § 4654, there is no real difference between a final judgment and an abandonment of the proceedings.  In either case, the condemnee, losing no property interest, has prevailed in the proceedings.  Third, as we have seen, a private company exercising eminent domain under federal law does so as the federal agency which authorized it.  Fourth, § 4654 clearly states that the entire section applies to "a proceeding instituted by a Federal agency to acquire real property by condemnation."  *See New Castle County DE v. National Union Fire Insurance Co. of Pittsburgh, PA*, 243 F.3d 744, 751 n. 4 (3d Cir. 2001) (*quoting City of Delray Beach, Fla. v. Agriculture Ins. Co.*, 85 F.3d 1527, 1534 (11h Cir. 1996) (internal quotation marks omitted).  Thus, we determine that § 4654(a)(2) applies to private companies exercising rights under federal eminent domain law.

**Abandonment**

Transco filed these condemnation proceedings against the Brandywine Five.  The PADEP refused to issue Transco the required permits as a result of the Brandywine Five's efforts.  After several weeks, Transco amended its project so it could place the pipeline

back in service before the November 1, 2009 deadline imposed by the FERC. The amended project, which the PADEP approved, did not include any intrusion on the Brandywine Five properties. After Transco advised that it intended to proceed with the amended project, the condemnation proceedings against the Brandywine Five were dismissed without prejudice.

Conflating "project" with "proceeding," Transco contends that because it can later file for a certificate from the FERC to use the properties, it has not abandoned the project. It further argues that a dismissal without prejudice does not constitute an abandonment.

The question is not whether Transco has abandoned the project, but whether it has abandoned the proceedings. The language of the statute is clear. It speaks to an abandonment of the "proceedings." Transco may reapply to the FERC and the PADEP in the future to use the Brandywine Five's properties. But, it has no intention to continue this litigation. The actions were dismissed after it became apparent that Transco intended to proceed with the project without affecting the properties.

To key abandonment on the "project," rather than the "proceeding," would allow a condemnor to avoid operation of § 4654 by withholding formal action to end the litigation or notification that it no longer intended to proceed. It would frustrate the goal of the fee shifting provision. By refusing to voluntarily dismiss an action where it cannot proceed, the condemnor could stymie the landowner's entitlement to relief under § 4654. A property owner whose successful efforts in the proceeding prevented the taking of his land is entitled to an award of attorneys' fees.

After repeated attempts to satisfy the PADEP's requirements, Transco failed. It was unable to proceed with the portion of the project affecting the properties. To meet the

7

deadline imposed by the FERC for placing the pipeline back in service, Transco decided to by-pass the Brandywine Five properties, that is, it essentially abandoned that part of the project and these proceedings. Of course, it can renew its efforts in the future by obtaining a new certificate from the FERC. For the time being, it cannot proceed with this action. It is this proceeding, not the possibility of a later proceeding, that is relevant.

Transco's condemnation actions against the Brandywine Five were dismissed without prejudice because Transco decided to proceed without taking any additional property interests of the Brandywine Five. At this time, Transco is not seeking any additional rights to the Brandywine Five's properties. Nor has it declared that it will. In fact, its FERC certificate has expired. Hence, we conclude that it has abandoned the proceedings that it had instituted.

**Amount of Attorneys' Fees**

The purpose of § 4564 is to reimburse prevailing parties and not to reward the attorney. *Washington Metro. Area Transit Auth. v. United States*, 57 Fed.Cl. 148, 152 (2003). Under § 4654, the prevailing party is limited to reimbursement of attorneys' fees and costs that were "actually incurred" because § 4654 is "to make [the prevailing party] whole." *Moore v. United States*, 63 Fed.Cl. 781, 788 (2005) (*citing Fla. Rock Indus., Inc. v. United States*, 9 Cl.Ct. 285, 290 (1985)) *See Washington Metro. Area Transit Auth.*, 57 Fed.Cl. at 152. The amount of attorneys' fees under § 4654 is limited to the amount charged the client. *Florida Rock Indus.*, 9 Cl.Ct. 285, 291 (1985).

The Brandywine Five are seeking $40,050.00, the amount of the fee calculated using the lodestar method. However, the attorney charged a flat fee of $10,000.00 for all work prior to trial. Because these actions did not proceed to trial, the Brandywine Five are

not responsible for any additional sum. They "actually incurred" $10,000.00 in attorney's fees in defending this action which ended short of trial.

To award more than what the attorney had agreed to accept from her clients would be a windfall. The goal of § 4654 is to reimburse the condemnor, not the condemnor's attorney. Therefore, we shall award attorneys' fees in the amount of $10,000.00.

### Conclusion

Because § 4654 applies to Transco and Transco has abandoned the condemnation proceedings against them, the Brandywine Five are entitled to attorneys' fees. The amount of those fees is limited to the amount they actually were charged. Therefore, we shall grant the motion for attorneys' fees and award $10,000.00 to the Brandywine Five.